## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————

MICHELE KAMATTA
525 Old Riverside Road
Baltimore, MD 21225

        Plaintiff,

        v.

SYLVIA BURWELL, SECRETARY,
U.S. Department of Health and Human Services
200 Independence Avenue, SW
Washington, D.C. 20201

        Defendant.

———————————————————

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 14-1559

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Michele Kamatta ("Ms. Kamatta" or "Plaintiff"), by her attorneys Clark Law Group, PLLC, files this action, following her exhaustion of administrative remedies, and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant's unlawful discrimination against and retaliatory discharge of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* ("Title VII").

2. This is a challenge to Defendant's unlawful discrimination against and retaliatory discharge of Plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 *et seq.* ("ADEA").

3. Defendant discriminated against Plaintiff based on her race and age and retaliated against her for engaging in protected EEO activity, ultimately resulting in her unlawful termination.

4. To remedy the Defendant's discriminatory conduct, retaliatory conduct and wrongful termination of Plaintiff, Plaintiff seeks back pay, front pay, compensatory damages, attorney's fees and costs, injunctive relief, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

5. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. The United States District Court for the District of Columbia may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.   The Court also has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3) and 29 U.S.C. § 633a(c) as this matter involves a civil action by an aggrieved person under Title VII and the ADEA.

7. The Court may properly maintain personal jurisdiction over Defendant because Defendant's office is located in the District of Columbia.

8. Venue is properly laid in the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is located in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the ADEA as follows:

   a. On November 6, 2012, Ms. Kamatta first contacted an Equal Employment Opportunity ("EEO") officer raising allegations of discrimination and hostile work environment;

   b. On December 5, 2012, Ms. Kamatta filed a formal complaint of discrimination against the National Institutes of Health, a part of the U.S. Department of Health and Human Services ("HHS");

   c. On May 29, 2013, Ms. Kamatta petitioned the U.S. Equal Employment Opportunity Commission for a hearing on her discrimination and retaliation claims.

   d. On June 16, 2014, HHS issued a Final Agency Order based on its investigation of Ms. Kamatta's complaint;

   e. On June 18, 2014 Ms. Kamatta received the Final Agency Order;

   f. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Final Agency Order.

11. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## PARTIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff is a former GS-11, Step 5 Committee Management Specialist with HHS, National Institutes of Health, National Institute of Allergy and Infectious Diseases, Division of Extramural Activities.  She currently resides in Baltimore, MD.

14. Defendant Sylvia Burwell is the Secretary of HHS and is named in her official capacity. Pursuant to 42 U.S.C. § 2000e-16(c), employees can file suit against the federal government for redress of Title VII grievances within 90 days of receipt of notice of Final Agency Decision taken by a Department.  Pursuant to 29 U.S.C. § 633a(c), employees can similarly file suit for ADEA claims.

15.  Pursuant to 42 U.S.C. § 2000e-16(c), Sylvia Burwell, Secretary of the U.S. Health and Human Services is the properly named Defendant.

## FACTUAL ALLEGATIONS

16. Ms. Kamatta is an African-American.

17. Ms. Kamatta was born in 1958 and was 54 years old at the time she filed her formal complaint of discrimination.

18. Until her termination of employment in 2013, Ms. Kamatta had been a federal employee since 1982, and had been employed at HHS since 2000.

19. At all relevant times, Ms. Kamatta was an employee of HHS, National Institutes of Health, National Institute of Allergy and Infectious Diseases, Division of Extramural Activities.

20.  In 2009, Ms. Kamatta worked for Defendant as a Committee Management Specialist.

21. Beginning in 2009, Mary Nuss ("Ms. Nuss") was Ms. Kamatta's first level supervisor.

22. Ms. Nuss is Caucasian and served as Supervisory Committee Management Officer for the Defendant.

23. While Ms. Kamatta was employed by HHS, she was continually subjected to discrimination by Ms. Nuss because of her race.

24. While Ms. Kamatta was employed by HHS, she was continually subjected to discrimination by Ms. Nuss because of her age.

25. Throughout Ms. Kamatta's employment, Ms. Nuss regularly yelled at Ms. Kamatta when Ms. Kamatta would ask questions concerning her employment duties.

26. On or about December 2009, Ms. Nuss yelled at Ms. Kamatta, "you are not performing well and just wait until we go over your performance plan!"

27. In or about late September-early October 2010, Ms. Nuss slammed a stack of papers against a desk and yelled at Ms. Kamatta for an error in copying records.

28. In or about late September-early October 2010, Ms. Nuss pounded on her desk with her fist and yelled at Ms. Kamatta threatening her that "If this happens again you are DEAD MEAT!"

29. When Ms. Nuss would yell at Ms. Kamatta, she would clench her body tightly, roll her eyes, and clench her mouth.  Ms. Kamatta perceived her mannerisms as if Ms. Nuss was getting ready for a physical fight.  Ms. Nuss would often pound her fist on her desk while Ms. Kamatta sat just inches away from her.

30. On or about October 16, 2010, Ms. Kamatta met with Dr. Marvin Kalt, her second level Supervisor, to complain of discrimination and harassment by Ms. Nuss.

31. On January 13, 2011, Ms. Kamatta received her 2010 performance review from Ms. Nuss stating she was "Fully Successful" in performing her duties.

32. On July 17, 2011, Plaintiff received a within-grade increase based on her work performance being deemed at an acceptable level of competence.

33. In January or February 2012, Dr. Kalt was replaced by Dr. Matthew Fenton as Director.

34. On February 10, 2012, Ms. Kamatta received her 2011 performance review from Ms. Nuss stating she was "Fully Successful" in performing her duties.

35. On April 15, 2012, Ms. Kamatta received a "ratings based" individual cash award.

36. In May 2012, Ms. Kamatta complained to Dr. Fenton that Ms. Nuss was subjecting her to a hostile work environment and treating her differently than other staff.

37. In June 2012, Ms. Kamatta met with Dr. Fenton and Ms. Nuss and complained that Ms. Nuss was yelling at her and harassing her on a daily basis.

38. On November 5, 2012, Ms. Nuss yelled at Ms. Kamatta after making an error: "You are lucky you did not come in earlier this morning or else you would've been out the door!"

39. On November 6, 2012, Ms. Kamatta contacted an EEO officer raising an informal complaint of discrimination.

40. On November 13, 2012, Ms. Nuss told Ms. Kamatta in a threatening manner that another Committee member who was performing poorly would be asked to resign or otherwise management would "think of a way of getting rid of him."

41. On December 5, 2012, Ms. Kamatta filed her formal complaint of discrimination.

42. Less than one month after Ms. Nuss learned of Plaintiff's informal complaint of discrimination and eight days after Ms. Kamatta filed her formal complaint, on December 13, 2012, Ms. Kamatta was placed in a Performance Improvement Plan ("PIP") where she was told she could be terminated for future poor performance.

43. On December 21, 2012, Ms. Kamatta responded to the PIP in a letter to Ms. Nuss, stating that the PIP was "a form of harassment and intimidation."

44. On March 1, 2013, Ms. Nuss issued a Proposed Notice of Removal to Ms. Kamatta.

45. On March 5, 2013, Ms. Kamatta complained of Ms. Nuss's harassment, intimidation, and discrimination to Dr. McGowan and other management officials.

46. Ms. Nuss recommended to her supervisor Dr. John McGowan that Ms. Kamatta be terminated.

47. On April 23, 2013, Dr. McGowan rendered a notice of termination and Ms. Kamatta was put on administrative leave until her termination was finalized.

48. On May 3, 2013, Ms. Kamatta was officially terminated.

49. On information and belief, no other employee or Committee member was yelled at or harassed by Ms. Nuss during Ms. Kamatta's time of employment.

50. No other employee or Committee member was placed on a Performance Improvement Plan during Ms. Kamatta's time of employment.

51. As a result of continued harassment and hostile work environment, Ms. Kamatta is being treated for high blood pressure, loss of sleep, anxiety, and stress.

## COUNT I: TERMINATION BECAUSE OF RACE

52. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

53. Ms. Kamatta belonged to a protected class based on her race. Defendant was aware of Ms. Kamatta's race.

54. Defendant terminated Ms. Kamatta because of her race.

55. Defendant treated other similarly situated employees outside her protected class more favorably.

56. Any non-discriminatory reason proffered by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination.

57. To redress Defendant's discriminatory acts under Count I, Plaintiff seeks back pay, injunctive relief, compensatory damages, emotional distress damages, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

## COUNT II: HOSTILE WORK ENVIRONMENT BECAUSE OF RACE

58. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

59. Defendant subjected Plaintiff to a hostile work environment because of her race.

60. The hostile work environment interfered with Plaintiff's terms, conditions, and privileges of employment and interfered with Plaintiff's work.

61. Defendant knew or should have known of the hostile work environment and failed to take effective remedial action.

62. To redress Defendant's discriminatory acts under Count II, Plaintiff seeks back pay, injunctive relief, compensatory damages, emotional distress damages, , attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

## COUNT III: TERMINATION BECAUSE OF AGE

63. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

64. Ms. Kamatta belonged to a protected class based on her age.  Defendant was aware of Ms. Kamatta's age.

65. Defendant terminated Ms. Kamatta because of her age.

66. Defendant treated other similarly situated employees outside her protected class more favorably.

67. Any non-discriminatory reason proffered by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination.

68. To redress Defendant's discriminatory acts under Count III, Plaintiff seeks back pay, injunctive relief, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

### COUNT IV: HOSTILE WORK ENVIRONMENT BECAUSE OF AGE

69. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

70. Defendant subjected Plaintiff to a hostile work environment because of her age.

71. The hostile work environment interfered with Plaintiff's terms, conditions, and privileges of employment and interfered with Plaintiff's work.

72. Defendant knew or should have known of the hostile work environment and failed to take effective remedial action.

73. To redress Defendant's discriminatory acts under Count III, Plaintiff seeks back pay, injunctive relief, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

### COUNT V: RETALIATION

74. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

75. Ms. Kamatta engaged in protected activity in the fall 2010 when she complained to Dr. Kalt and summer 2012, when she complained to Dr. Fenton.

76. Ms. Kamatta engaged in protected activity on November 6, 2012, when she made initial contact with an EEO officer complaining of race and age discrimination.

77. Ms. Kamatta engaged in protected activity on December 5, 2012, when she filed her formal discrimination complaint.

78. Ms. Kamatta experienced an adverse employment action on December 13, 2012, when Defendant placed Ms. Kamatta on a Performance Improvement Plan.

79. Ms. Kamatta experienced an adverse employment action on April 26, 2013, when Defendant terminated Ms. Kamatta effective May 3, 2013.

80. Defendant placed Ms. Kamatta on the Performance Improvement Plan and terminated her employment because of her protected activities.

81. To redress Defendant's discriminatory acts under Count III, Plaintiff seeks back pay, injunctive relief, compensatory damages, emotional distress damages, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

82. Entry of judgment in favor of Ms. Kamatta and against Defendant;

83. Injunctive relief;

84. Back pay;

85. Reinstatement, or in the alternative, front pay;

86. Compensatory damages;

87. Attorney's fees and costs; and

88. Other such relief as may be appropriate to effectuate the purposes of Title VII and ADEA.

Respectfully submitted,

*/s/ Jeremy P. Monteiro*
Jeremy P. Monteiro, Esq. (977628)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W., Suite 200
Washington, D.C. 20036
(202) 293-0015
jmonteiro@benefitcounsel.com

Denise M. Clark, Esq. (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W.,Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: September 12, 2014

Respectfully submitted,


*/s/ Jeremy P. Monteiro*
Jeremy P. Monteiro, Esq. (977628)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W.,Suite 200
Washington, D.C. 20036
(202) 293-0015
jmonteiro@benefitcounsel.com

Denise M. Clark, Esq. (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W.,Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

9/12/14

Date

Michelle Kamatta

13